Rattle, J.
 

 The first part of his Honor’s instructions to the jury was clearty right. When the declaration of a party is offered in evidence against him, all that he said at the time must go to the jury, and must be considered by them, but there is no rule which requires them to believe every part of the statement, and to return their verdict in accordance with it. On the contrary, they are at liberty to scrutinize the statement ; and if they believe a part of it to be improbable, or at variance with the other facts clearly established, they may reject such part, or hesitate in acting upon it, until other
 
 *67
 
 proof is brought to sustain it;
 
 Lawrence v. Rayner,
 
 Busb. Rep. 113.
 

 The other part of the charge is equally Well sustained, both by principle and authority. The defendants were Undoubtedly guilty of the riot, with which they were charged, unless they could defend themselves upon the ground of their authority as patrols, and the burden of proving such authority was upon them. This proof they might have made, either by the production of an order from the records of the county court showing their appointment, or by showing that they were employed as patrols by the patrol committee, as prescribed in the 83d chapter of the Revised Code, section the first The failure or neglect to produce this evidence, necessarily left the presumption to arise that none such was in existence, and, therefore, the defendants were left to rely upon their own declarations, the benefit of which, his Honor gave them in his previous instructions. In the case of the
 
 State
 
 v. Morrison, 3 Dev. Rep. 299, it was decided that, though an indictment against a person for retailing spirituous liquors by the small measure, wdthout a license, should contain the negative averment, of a want of license, the burden of proving that there was a license, lay upon the defendant. See also,
 
 State
 
 v. Woodly, 2 Jones’ Rep. 276, where the subject of proving negative averments, in indictments, is fully discussed; and the distinction between the cases, where such averments, must be directly proved by the State, and where they will be inferred from the absence of proof on the part of the defendant, is attempted to be marked out and followed. In this case, there is no negative averment, and the allegation of their being patrols, comes from the defendants; and it is necessary to their defense, and it follows, as a matter of course, that they must prove it by such written or other evidence as the law requires. If the only testimony which they can produce is a part of their own declarations, as proved against them on the part of the State, the law will hold them to be guilty for want of other proof, unless the jury can rely upon their own
 
 *68
 
 statement of the fact or facts, which constitute the ground of their defense.
 

 In taking this view of the case, we have assumed, for the sake of the argument, that proof of their being patrols would have justified the acts of the defendants. But we are very far fi’om thinking that the authority, which the law confers on patrols, can sanction such outrageous conduct as that disclosed by the bill of exceptions. The extreme punishment which the law allowed them to inflict on an insolent slave, was far short of the deadly “ revenge” for which they said they had gone to the prosecutor’s house, and which they took with their bowie-knives. Admitting them to have been patrols, on account of the manifest excess of their authority, they were guilty of the riot for which they were indieted.
 

 Let it be certified that there is no error in the record.
 

 Peb Curiam, Judgment affirmed.